UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:22-cr-441-CEH-UAM

KIMBERLY KIEHL
_____/

**ORDER**

This matter comes before the Court on Defendant Kimberly Kiehl's Motion for Reconsideration of the Court's Denial of Kiehl's Motion for Extension of Time to Surrender (Doc. 82), filed on April 30, 2024. Although the Government has failed to file a response, the Court is able to rule on the motion without a response. The Court, having considered the motion and being fully advised in the premises, will deny the motion.

**BACKGROUND**

A December 21, 2022, Indictment charged Defendant Kimberly Kiehl with mail fraud, introduction of misbranded drugs and devices, and trafficking in counterfeit drugs and medical devices. Doc. 1. On October 18, 2023, Defendant filed an amended motion for appointment of a mental health expert to assist counsel in determining whether Defendant is competent to stand trial. Doc. 55. On November 8, 2023, the Magistrate Judge held a hearing on Defendant's motion and entered an order granting the motion and appointing a psychiatrist to conduct an independent psychiatric examination of Defendant. Docs. 59, 60.

After conducting a psychiatric exam of Defendant, the psychiatrist filed her report under seal (Doc. 61), and on February 16, 2024, Defendant filed a motion requesting a competency hearing (Doc. 66). A competency hearing was held before the Magistrate Judge on March 1, 2024, and on the same date, the Magistrate Judge entered an order finding that Defendant appears to be suffering from a mental disease or defect that renders her mentally incompetent to understand the nature and consequences of the proceedings against her. Doc. 69. Accordingly, Defendant was remanded to the custody of the Attorney General, who would hospitalize Defendant for treatment in a suitable facility for such reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit further proceedings in this cause. Defendant was to self-surrender to the Attorney General on April 5, 2024. *Id.* at 3.

On March 25, 2024, Defendant filed a motion to continue the time to self-surrender. Doc. 76. In support, Defendant stated that on March 4, 2024, she was admitted to Lakeland Regional Medical Center due to a closed fracture of her right distal femur. She was discharged from the hospital on March 6, 2024. She started physical therapy and was scheduled to report back to the orthopedic surgeon on March 20, 2024. In addition to the fracture resulting in limited mobility, Defendant was also having dizzy spells for which she was required to have blood work performed. Because the initial test results showed that some of Defendant's levels were low, additional blood work testing was required and Defendant was waiting on the results. Defendant

requested an extension of time to surrender to continue her physical therapy and obtain the results of her additional blood work. The Court granted Defendant's motion and directed the Defendant to report for hospitalization and treatment to the Federal Medical Facility designated by the Attorney General by 2:00 p.m. on Friday May 17, 2024. Doc. 77.

On April 15, 2024, Defendant filed another motion for extension of time to surrender. Doc. 78. In support she indicated that on April 4, 2024, she was seen by her physician who advised that she would be under the doctor's care for treatment of her leg injury for six to nine months. She attached to her motion a two-sentence letter from the doctor's office stating such. Doc. 78-1. No other records were provided. The Court held a hearing on the motion on April 26, 2024. At the hearing, defense counsel argued that Defendant is still undergoing care for her leg injury and requests an extension of Defendant's time to surrender so that she may be able to continue her treatment with her current providers. Defendant argues it would be manifestly unjust to require Defendant to surrender now given her medical condition. The Court denied the motion for the reasons discussed at the hearing, namely that Defendant failed to show manifest injustice exists in having her self-surrender on May 17, 2024, for hospitalization at a BOP Federal Medical Center.[1]

---

[1] At the hearing, Defendant did not state to which Federal Medical Center she has been assigned. The Bureau of Prisons operates at least six Federal Medical Centers. *See* https://www.bop.gov/locations/list.jsp. New admits to BOP FMCs are medically screened upon admission and the facilities have the medical resources and personnel to provide physical, mental, and dental treatment.

3

On April 30, 2024, Defendant filed a motion for reconsideration. Doc. 82. She attaches to her motion the same April 4, 2024 doctor's note previously submitted which indicates that Defendant will be under the care of Lakeland Regional Health, Dr. Heather Wortham, for approximately six to nine months. She also attaches a schedule of Defendant's physical therapy showing that she is seen for PT approximately every three to five days, with five more appointments scheduled in May and three appointments scheduled in June 2024, with the last being June 10, 2024. Doc. 82-1.

## DISCUSSION

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file such motions in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. *See United States v. Hammoud*, Case No. 8:04-cr-2-T-27MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Those parameters have been interpreted to include: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *United States v. Harris*, No. 2:17-cr-78-FtM-38NPM, 2020 WL 2615530, at *1 (M.D. Fla. May 22,

2020) (quoting *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's ruling. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Finally, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation and quotation omitted).

After considering the Motion, the record, and applicable law, the Court finds that Defendant does not demonstrate the availability of new evidence, an intervening change in controlling law, or a need to correct clear error or manifest injustice. Accordingly, the motion is due to be denied.

The motion for reconsideration essentially reiterates the same facts included in the initial motion for extension of time. *See* Docs. 76, 82. No new facts are alleged that support reconsideration of the Court's prior order. While Defendant does attach a schedule of PT appointments not previously provided, those appointments are only scheduled through the beginning of June and thus would be nothing new from the letter indicating she is due to continue treatment for six to nine months. She references dizziness and the fact that she is waiting for the results of repeated bloodwork,[2] but no

---

[2] These appear to be the same test results that Plaintiff has been waiting for since her March 25, 2024 motion. *See* Doc. 76 ¶ 4.

5

results of the initial bloodwork were filed with the motion, nor has anything new been filed since Defendant filed her motion on April 30, 2024.

Additionally, Defendant does not cite to any intervening change in controlling law to support her request for reconsideration. Instead, Defendant argues again that it would be manifestly unjust to prevent Defendant "from getting the medical treatments she needs." Doc. 82 at 3. However, Defendant is scheduled to report to a federal medical facility where she will be able to receive medical treatment. Critically, she does not offer any reason as to why her condition of a broken femur and need for physical therapy cannot be treated in the Federal Medical Center to which she will be confined. Defendant's injury is not a unique, unusual or complex medical condition that will require highly specialized treatment or care. Although Defendant alleges that she will suffer "irreparable injury" without an extension of her surrender date, Defendant fails to demonstrate why she would be unable to undergo physical therapy treatments and obtain any other medical care she needs while confined in the federal medical facility to which she is assigned. Accordingly, it is hereby,

**ORDERED**:

1. Defendant Kiehl's Motion for Reconsideration of the Court's Denial of Kiehl's Motion for Extension of Time to Surrender (Doc. 82), is **DENIED**.

2. Defendant is ordered to report to the Federal Medical Facility designated by the Attorney General for hospitalization and treatment by 2:00 p.m. on Friday, May 17, 2024.

**DONE AND ORDERED** in Tampa, Florida on May 14, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
United States Marshal Service